UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Donna Mendez & Selina Rushing, <br><br> STATE OF TEXAS *ex rel.* Dona Mendez & Selina Rushing, <br><br> *Plaintiffs*, <br><br> v. <br><br> Doctors Hospital at Renaissance, Ltd.; Alonzo Cantu, *et al.*, <br><br> *Defendants*. | Civil Action No. 4:11-cv-2565 |

### UNITED STATES' STATEMENT OF INTEREST ON DEFENDANT DOCTORS HOSPITAL AT RENNAISSANCE LTD'S MOTION TO DISMISS AMENDED COMPLAINT[1]

The United States respectfully submits this Statement of Interest to address one legal issue raised by defendant Doctors Hospital at Renaissance, Ltd. ("DHR") in its motion to dismiss relators' amended complaint, which was filed under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "FCA"). [ECF No. 82]. Although it has not intervened in this *qui tam* action, the United States remains the real party in interest. *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 193 (5th Cir. 2018). Because the FCA is the United States' primary tool to redress fraud on the government, the United States has a substantial interest in the development and correct application of the law in this area.

DHR raises two primary arguments in support of its motion to dismiss: *first*, that DHR cannot be held liable for its doctors' actions, and *second*, that the relators have not pled the

---

[1] On July 16, 2021, the United States filed a motion for leave to file this Statement of Interest by August 20, 2021, which is twenty-one (21) days after the Defendants were due to file their reply briefs. [ECF No. 131]. As of the date of this filing, the Court has not yet ruled on the motion for leave.

1

elements of their FCA claims with particularity. The United States files this Statement of Interest to address the first argument.

According to DHR, the relators' medical necessity theory fails as a threshold matter because DHR cannot be liable for the conduct of doctors performing procedures at the hospital. [ECF No. 106 at 7-9; ECF No. 135 at 3-4]. Specifically, DHR argues that the medical necessity claims against it must be dismissed because "DHR does not practice medicine and is not legally responsible for doctors' provision of medical care, even if provided by physicians who are partners in DHR." [ECF No. 135 at 3]. DHR's assertion of this argument in a FCA case is completely misplaced.

DHR relies on a Texas Supreme Court case—*Drs. Hosp. at Renaissance, Ltd. v. Andrade*, 493 S.W.3d 545 (Tex. 2016)—to support its argument. In that case, the Texas Supreme Court held that under Texas partnership law, DHR could not be liable for the alleged medical negligence of a non-employed physician performing medical services at the hospital. DHR contends that this holding should be extended to the FCA, using it to argue that "[r]elators cannot hold DHR liable for the acts of those doctors, even doctors who are investors in the Hospital." [ECF No. 106 at 1].

DHR's argument ignores the significant differences between a federal FCA cause of action and a state law medical negligence cause of action. The FCA imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the United States, or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" to the United States. 31 U.S.C. §§ 3729(a)(1)(A), (a)(1)(B). "[T]he linchpin of an FCA claim is a false claim. . . ." *United States ex rel. Rafizadeh v. Continental Common, Inc.*, 553 F.3d 869, 873 (5th Cir. 2008).

Thus, a hospital can be held liable under the FCA where the hospital knowingly submits or causes the submission of false claims to the federal government for reimbursement in connection with medically unnecessary procedures. *See, e.g.*, *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 378 (5th Cir. 2004) (reversing dismissal of FCA complaint against hospital premised on medically unnecessary services because the relator adequately alleged that the hospital knowingly assisted in the filing of false claims to the federal government). An entity is liable under the FCA, whether or not it engaged in the specific activity that makes the claims false, so long as it knowingly submitted the underlying false claim or caused that claim to be submitted. *See, e.g.*, *Waldmann v. Fulp*, 259 F. Supp. 3d 579, 589 (S.D. Tex. 2016) ("The FCA attaches liability not to the underlying fraudulent activity or to the government's wrongful payment, but to the claim for payment.") (quotations omitted); *U.S. ex rel. Acad. Health Ctr., Inc. v. Hyperion Found., Inc.*, No. 3:10-CV-552-CWR-LRA, 2014 WL 3385189, at *35 n.52 (S.D. Miss. July 9, 2014) (declining to "journey down the rabbit hole of 'piercing the corporate veil,'" and noting that "the simple fact is that, under the FCA, an entity is liable for knowingly submitting false claims or causing false claims to be submitted. If an entity participated in any way, they can be held liable.").

Here, the relators allege that DHR submitted claims for federal healthcare reimbursement for allegedly unnecessary procedures and admissions. [ECF No. 82 at ¶ 186 ("The ensuing claims submitted by Doctors Hospital to Medicare and Texas Medicaid were over-reimbursed based on fraudulent statements regarding the patient's primary diagnosis for the admission and the unnecessary treatment stemming from that diagnosis."); ¶ 198 ("Because of these gross violations of Medicare and Texas Medicaid's rules and regulations, the majority of claims submitted to Medicare or Texas Medicaid program by Defendants Doctors Hospital are false

3

and/or fraudulent claims and should not qualify for reimbursement."); ¶ 268 ("Doctors Hospital Defendants made or caused to be made false representations regarding provision of medically unnecessary services. They additionally made false representations regarding patients' admission status, resulting in higher reimbursements.").

The United States does not take a position on whether relators have pled these claims with sufficient particularity. But there is no support in the caselaw or anywhere else for DHR's blanket defense that it cannot be held liable under the FCA for knowingly submitting claims for reimbursement for medically unnecessary procedures performed at the hospital. *See Riley*, 355 F.3d at 378 ("The FCA applies to anyone who knowingly assist[s] in causing the government to pay claims grounded in fraud.") (quotations omitted).

The Fifth Circuit's opinion in *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009), is instructive. There, the Fifth Circuit affirmed the dismissal of FCA claims against a hospital not because the hospital could never be held liable under the FCA for the conduct of its doctors, but because the relator had failed to allege that the hospital acted with the requisite intent under the FCA. *Id.* at 192 ("Regarding the Hospital, however, the complaint fails because there is no indication that the Hospital itself acted with the requisite intent."). In *Grubbs*, the court evaluated the complaint to determine whether the relator had adequately pled the required elements of an FCA claim against the hospital and ultimately dismissed for failure to plead intent. Likewise, in *United States v. Ridglea State Bank*, 357 F.2d 495 (5th Cir. 1966), cited by DHR in its motion to dismiss, the government's FCA cause of action failed for lack of intent. *Id.* at 498-500. In *Ridglea*, the government conceded that the defendant-employer did not have knowledge of the false claims submitted by its employee, and it ultimately failed to demonstrate at trial that the knowledge of the employee should be imputed to the employer. In

4

both instances, the Fifth Circuit held that claims against the defendant-employer should be dismissed because the government failed to plead or prove a required element for FCA liability (scienter).

Here, as in *Grubbs* and *Ridglea*, the Court should evaluate the amended complaint to determine whether the relators have adequately alleged an FCA action against DHR. The question is not whether the relators have adequately pled that DHR is vicariously liable for the conduct of its doctors, but instead whether relators have pled that DHR is liable for its own conduct under the FCA.

In sum, DHR's threshold argument—that it cannot be held liable under the FCA for the conduct of doctors performing services at DHR—should be rejected. DHR misapplies a state law holding in an attempt to absolve it from liability under the FCA. It ignores the elements required for FCA liability and asks the Court to adopt a blanket rule that would have potentially far-reaching effects and interfere with the purposes of the FCA.

Dated: August 19, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JENNIFER B. LOWERY
Acting United States Attorney
Southern District of Texas

By: */s/ Kenneth Shaitelman*
KENNETH SHAITELMAN
Assistant United States Attorney
*Attorney-in-Charge*
Texas Bar No. 24077606
Southern District Bar No. 14199778
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9609
Facsimile: (713) 718-3303
Email: kenneth.shaitelman@usdoj.gov

BRAD R. GRAY<br>
Assistant United States Attorney<br>
Texas Bar No. 24097759<br>
Southern District Bar No. 2827958<br>
1000 Louisiana, Suite 2300<br>
Houston, Texas 77002<br>
Telephone: (713) 567-9599<br>
Facsimile: (713) 718-3300<br>
Email: brad.gray@usdoj.gov

*/s/ Jonathan T. Thrope (by permission)*
JAMIE ANN YAVELBERG
DAVID B. WISEMAN
JONATHAN T. THROPE
United States Department of Justice
Civil Division, Fraud Section
P.O. Box 261
Ben Franklin Station
Washington, DC 20004
Telephone: (202) 305-3716
Facsimile: (202) 616-3085
Email: jonathan.t.thrope@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2021, the foregoing was filed with the Court through the CM/ECF system, which will serve all parties and counsel registered.

*/s/ Kenneth Shaitelman*
Kenneth Shaitelman
Assistant United States Attorney

6