United States District Court
Southern District of Texas
**ENTERED**
April 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONNA MENDEZ, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-02565 |
| § | |
| DOCTORS HOSPITAL AT RENAISSANCE, § | |
| LTD., *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

In its Memorandum Opinion and Order dated February 24, 2022 (the "DHR Opinion") (Dkt. No. 145), the Court granted in part and denied in part the Rule 12(b)(6) motion to dismiss filed by defendants Doctor's Hospital at Renaissance, Ltd. and RGV MED LLC (collectively, "DHR"). Before the Court is DHR's Rule 54(b) motion for partial reconsideration of the DHR Opinion (Dkt. No. 149). The relator-plaintiffs, Donna Mendez and Selina Rushing, have filed a response opposing DHR's Rule 54(b) motion (Dkt. No. 152), and DHR has filed a reply (Dkt. No. 153). The Court has reviewed the record, the parties' submissions, and the applicable law, and has determined that DHR's motion should be **GRANTED IN PART** and **DENIED IN PART**.

I.

In the DHR Opinion, the Court dismissed without prejudice the relators' False Claims Act (FCA) claims premised on their Illegal Remuneration theory.[1] In a separate opinion, the Court

---

[1] Under this theory, DHR violated the FCA indirectly by falsely certifying that it complied other federal statutes. The relators allege that DHR violated those other statutes by making improper loans and providing other illegal remuneration to its contracting physicians. The relators' various theories of FCA liability are described in Section II of the DHR Opinion. *See* Dkt. No. 145, at 2–6.

1 / 4

dismissed the same theory *with* prejudice, as asserted against defendants Lone Star National Bank, Lone Star National Bancshare-Texas, Inc. (collectively, the "Bank"), and Alonzo Cantu, based on the FCA's statutory public disclosure bar. *See* Dkt. No. 147, at 13. In its motion for reconsideration, DHR contends that it incorporated the public disclosure argument in its motion to dismiss and that, because the public disclosure bar applies equally to the claims against DHR, the Illegal Renumeration theory asserted against DHR should, likewise, be dismissed with prejudice. DHR also argues that the Court erred in denying its motion to dismiss the FCA claims premised on the relators' Admissions Status theory.

The relators contend that reconsideration is not warranted on the merits, as well as because their filing of a Second Amended Complaint (Dkt. No. 151) renders moot any arguments concerning the First Amended Complaint.

II.

Courts address motions for reconsideration of interlocutory orders under Federal Rule of Civil Procedure 54. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 726–27 (5th Cir. 2012) ("Rule 54 provides district court judges with authority to vacate their own findings."). The standard of review for such motions requires a determination of whether "justice requires" reconsideration—that is, "whether reconsideration is necessary under the relevant circumstances." *Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013) (citing *Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 123 (D. D.C. 2006). However, "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* (citing *Judicial Watch*, 466 F. Supp. 2d at 123).

III.

The Court declines to revisit its prior ruling on the relators' Admission Status theory. The Court is of the opinion, however, that its dismissal without prejudice of the Illegal Remuneration theory should be reconsidered. The Court hereby withdraws section V(a)(ii) of the DHR Opinion, which discusses the Illegal Remuneration theory as to Counts I and II. That section is hereby replaced, as follows:

"DHR has incorporated the argument of the Bank and Cantu that the FCA's public disclosure bar requires dismissal with prejudice of Counts I and II, to the extent they are premised on the Illegal Remuneration theory. The Court determines that this basis for dismissal of the theory as to the Bank and Cantu applies in substantial part to the relators' similar claims against the DHR Defendants. *See* Dkt. No. 147, at 8–13. Therefore, as grounded in the Illegal Remuneration theory, but excluding the relators' allegations concerning monopolies granted by the DHR Defendants to certain medical providers, Counts I and II against the DHR Defendants should be dismissed with prejudice."

The Court further modifies Section VI of the DHR Opinion, only as pertaining to Counts I and II, as follows:

1. "Counts I and II of the First Amended Complaint against the DHR Defendants, as premised on the Illegal Remuneration theory to the extent described herein, are hereby DISMISSED WITH PREJUDICE;

2. Counts I and II of the First Amended Complaint against the DHR Defendants, as premised on the Medical Necessity and Unqualified Care, are DISMISSED WITHOUT PREJUDICE;"

It is further ORDERED that, except as otherwise stated herein, DHR's motion for reconsideration is DENIED.

It is so **ORDERED.**

SIGNED on April 14, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge