## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Donna Mendez & Selina Rushing, § § § | |
| STATE OF TEXAS *ex rel.* Donna Mendez & Selina Rushing, § § § | Civil Action No. 4:11-cv-2565 |
| *Plaintiffs*, § § | |
| v. § § | |
| Doctors Hospital at Renaissance, Ltd.; Alonzo Cantu, *et al.*, § § § | |
| *Defendants*. | |

## <u>UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Although it has not intervened in this *qui tam* action, the United States remains the real party in interest. *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 193 (5th Cir. 2018). Because the False Claims Act is the primary tool of the United States to redress fraud on the government, the United States has a substantial interest in the development and correct application of the law in this area.

Accordingly, the United States wishes to inform the Court of a recent Fifth Circuit decision that, while not cited by any of the parties, may provide guidance to the arguments made in section II.A.2 of DHR's Motion to Dismiss [Dkt. 158, at 13–14]. In pertinent part, the decision states:

> Defendants also point us to a pair of cases—one from a different circuit, one from a district court, both involving the civil False Claims Act—declining to find that certain claims submitted to Medicare were fraudulent. *See United States v. AseraCare, Inc.*, 938 F.3d 1278, 1285 (11th Cir. 2019); *United States ex rel. Wall v. Vista Hospice Care, Inc.*, 2016 WL 3449833, at *19 (N.D. Tex. June 20, 2016). But in those cases, there was no evidence of fraud beyond (1) after-the-fact expert testimony that the initial determinations of hospice eligibility were inaccurate, and (2) unrelated anecdotes of lax business practices. *AseraCare*, 938 F.3d at 1285; *Wall*, 2016 WL 3449833, at *19. Both cases recognized that stronger evidence, like

1

> facts inconsistent with doctors' proper exercise of their clinical judgment, could change the outcome. *See AseraCare*, 938 F.3d at 1297; *Wall*, 2016 WL 3449833, at *17. That stronger evidence—of lies, kickbacks, and fabrication—is present here.
>
> From *AseraCare* and *Wall*, defendants derive an "objective falsity" theory. Under this theory, clinical judgments, like the ones underlying hospice and home health certifications, cannot be the basis of a fraud prosecution unless the government offers expert testimony to prove them objectively false. But health care providers cannot immunize themselves from prosecution by cloaking fraud with a doctor's note. *See United States v. Veasey*, 843 F. App'x 555, 561–62 (5th Cir. 2021) (rejecting the argument that a factual determination that a patient is "homebound" is a medical opinion that cannot establish intent to commit fraud). Categorical evidentiary requirements are at odds with a jury's ability to consider a broad array of direct and circumstantial evidence. *See Sanjar*, 876 F.3d at 745 (rejecting a categorical rule requiring expert testimony in health care fraud cases); *see also* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) 1.07 (2015) ("The law makes no distinction between the weight to be given either direct or circumstantial evidence."). What is more compelling: a doctor's testimony that he lied when certifying a patient or an expert's testimony that he would have made a different clinical determination than the certifying doctor? Common sense suggests the former, which is in abundance here.

*United States v. Mesquias*, 29 F.4th 276, 282–83 (5th Cir. Mar. 24, 2022).

*--- Remainder of page left intentionally blank ---*

| | |
|---|---|
| Dated: June 9, 2022 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>JENNIFER B. LOWERY<br>United States Attorney<br>Southern District of Texas |
| By: | */s/ Brad R. Gray*<br>KENNETH SHAITELMAN<br>Assistant United States Attorney<br>*Attorney-in-Charge*<br>Texas Bar No. 24077606<br>Southern District Bar No. 14199778<br>1000 Louisiana, Suite 2300<br>Houston, Texas 77002<br>Telephone: (713) 567-9609<br>Facsimile: (713) 718-3303<br>Email: kenneth.shaitelman@usdoj.gov |
| | BRAD R. GRAY<br>Assistant United States Attorney<br>Texas Bar No. 24097759<br>Southern District Bar No. 2827958<br>1000 Louisiana, Suite 2300<br>Houston, Texas 77002<br>Telephone: (713) 567-9599<br>Facsimile: (713) 718-3300<br>Email: brad.gray@usdoj.gov |
| | */s/ Jonathan T. Thrope (by permission)*<br>JAMIE ANN YAVELBERG<br>DAVID B. WISEMAN<br>JONATHAN T. THROPE<br>United States Department of Justice<br>Civil Division, Fraud Section<br>P.O. Box 261<br>Ben Franklin Station<br>Washington, DC 20004<br>Telephone: (202) 305-3716<br>Facsimile: (202) 616-3085<br>Email: jonathan.t.thrope@usdoj.gov |
| | *Attorneys for the United States of America* |

3