UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Mendez, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DOCTORS HOSPITAL AT RENAISSANCE, LTD., *et al.*, <br><br> Defendants. | Civil Action No. 4:11-cv-2565 <br><br> Judge Kenneth M. Hoyt |

**DEFENDANTS DOCTORS HOSPITAL AT RENAISSANCE, LTD.'S AND RGV MED, LLC'S MOTION TO DISMISS CASE FOR <u>FAILURE TO PROSECUTE</u>**

Defendants Doctors Hospital at Renaissance, Ltd. and RGV Med, LLC (collectively, "Defendants" or "DHR") hereby move the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for Relators' failure to prosecute the case.

Rule 41(b) permits the Court to dismiss a case "if the plaintiff fails to prosecute or to comply with these rules or a court order." A case should be dismissed for failure to prosecute when "there is a clear record of delay or contumacious conduct by the plaintiff." *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191–92 (5th Cir. 1992). A clear record of delay is found where there have been "significant periods of total inactivity." *Id.* at 1191 n.5; *see also Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (upholding dismissal for failure to prosecute "[i]n light of the significant inactivity of the plaintiff" for a period of 22 months). There have been 15 months of "total inactivity" in this case. In September 2022, the Court directed the parties to file an agreed proposed scheduling order. Dkt. 167. After several meet

1

and confer attempts, the parties were unable to agree upon a scheduling order and on September 15, 2022, filed competing proposed scheduling orders. Dkt. 168–69.

During the pendency of those proposed orders, Relators did ***nothing*** to prosecute their case. They did not prompt the Court to enter a scheduling order and, after the passage of time rendered both sets of proposed scheduling orders obsolete, Relators did not at any time contact Defendants to negotiate a revised schedule. Nor did Relators contact Defendants after the Court issued its order setting a scheduling conference for December 14, 2023.[1] In short, Relators have willingly and consciously let this case languish and have offered no reason why they failed to prosecute this case.

Fifteen months of total inactivity would likely count as a clear record of delay in any case, but it is particularly egregious here, where the case has been pending for more than ***12 years***, and some of the alleged conduct at issue occurred nearly ***15 years ago***. As Defendants have previously argued, this lengthy passage of time has been prejudicial to Defendants. Witnesses may have become unavailable, memories have certainly faded, if not been lost altogether, and DHR's ability to adequately defend itself may have been compromised. *See, e.g.*, *Conerly v. Pearson*, 2017 WL 6462293 at *1–2 (W.D La. Oct. 6, 2017) (Agreeing that defendant

---

[1] This is consistent with Relators' behavior throughout. The Court granted in part and denied in part DHR's motion to dismiss the Second Amended Complaint on July 27, 2022. Dkt. 164. Relators did nothing to move the case forward at that time. They did not prompt the Court to set a scheduling order or attempt to meet and confer with Defendants on a scheduling order until the Court ordered them to do so. Dkt. 167. Thus, there is a pattern that Relators ignore this case and do nothing unless and until the Court orders them to do something.

Counsel for DHR contacted Relators' counsel on December 13 to inquire of their intentions with respect to the case and to meet and confer regarding this motion. Only then did Relators' counsel ask DHR's counsel if she wanted to meet and confer regarding a proposed schedule. Then, two hours *after* DHR alerted Relators that they would be filing this motion, Relators purported to serve discovery on DHR for the first time. But there has been no Rule 26(f) conference in the case.

had "suffered actual prejudice in the fact that the underlying facts of this lawsuit occurred . . . over twelve years ago. This delay alone . . . creates prejudice in that evidence may be destroyed and witnesses' memories may fade"). Yet Relators have consciously allowed more than another year to pass without moving this case forward.

There are also several "aggravating factors" present that warrant dismissal. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). First, this delay has been caused by Relators' "intentional conduct." *Gates v. Strain*, 885 F.3d 874, 833 (5th Cir. 2018). Relators have intentionally sat by and done nothing to move the case forward. Nothing prevented them from moving the Court to enter a schedule or contact Defendants about the case. The delay is therefore the result of their conscious decision to do nothing. Second, as discussed above, the extreme delay has caused prejudice to Defendants by requiring them to litigate a case that is more than 12 years old and concerns conduct from nearly 15 years ago. *Conerly,* 2017 WL 6462293 at *1–2. While the case was delayed due to the government's lengthy investigation, Relators have exacerbated that delay and resulting prejudice to DHR. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 419 (5th Cir. 2006) ("After the unsealing, Appellant retained new counsel, and the burden to prosecute rested solely on Appellant, not the government"). Third, although DHR has no insight into why Relators failed to prosecute their case, Relators themselves have been aware of the inactivity in their case and apparently have not prompted their attorneys to act. *See id.* ("One does not have to be legally sophisticated to understand that if he . . . does not hear from his attorney for almost two years, his case is not being diligently prosecuted").

Lastly, while DHR recognizes that dismissal is a serious sanction and that courts are instructed to first consider if a "lesser sanction would … better serve the interests of justice,"

*Gates*, 885 F.3d at 883, there is no "lesser sanction" available here. There is no way to turn back the clock and undo the damage caused by the passage of time. And allowing this case to proceed, even on a fast track, would not provide any sanction for Relators. The Court should not reward Relators' dilatory behavior by allowing them to proceed.

For these reasons, DHR respectfully moves the Court to dismiss the entirety of Relators' claims with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Dated: December 13, 2023

Respectfully submitted,

WILLIAMS & CONNOLLY LLP
/s/ *Ashley W. Hardin*
Enu Mainigi
   Attorney-in-Charge
   S.D. Tex. Bar # 2357311
   D.C. Bar # 454012
Ashley W. Hardin
   S.D. Tex. Bar # 2449547
   D.C. Bar # 482251
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
*emainigi@wc.com*
*ahardin@wc.com*

*Attorneys for Defendants Doctors Hospital at Renaissance, Ltd. and RGV Med, LLC*

## CERTIFICATE OF CONFERRAL

I hereby certify that Defendants and Relators met and conferred regarding this motion on December 13, 2023, but were unable to resolve the motion.

s/ Ashley W. Hardin
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: ahardin@wc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Ashley W. Hardin
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: ahardin@wc.com
