UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Mendez, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DOCTORS HOSPITAL AT RENAISSANCE, LTD., *et al.*, <br><br> Defendants. | Civil Action No. 4:11-cv-2565 <br><br> Judge Kenneth M. Hoyt |

**DEFENDANTS DOCTORS HOSPITAL AT RENAISSANCE, LTD.'S AND RGV MED, LLC'S CONSOLIDATED RESPONSE TO MOVANTS' AMENDED MOTION TO WITHDRAW AS COUNSEL FOR RELATORS AND RELATORS' MOTION FOR PARTIAL DISMISSAL OF <u>COUNTS I, II, AND IV OF RELATORS' SECOND AMENDED COMPLAINT</u>**

Defendants Doctors Hospital at Renaissance, Ltd. and RGV Med, LLC (collectively, "Defendants" or "DHR") consent to Relators' Motion for Dismissal with prejudice of the entirety of Counts I, II, and IV of the Second Amended Complaint, Dkt. 185.

Defendants express no position on the Buzbee Law Firm's or attorneys Anthony G. Buzbee's and Lionel Sims III's (collectively, "Movants") request to withdraw as counsel, Dkt. 186 at 1–2, which request the Court has granted, Dkt. 184 ("[C]urrent counsel's motion to withdraw is agreed to by the Relators and it is granted.").

However, Defendants oppose Movants' request for a "continuance of ninety (90) days for all deadlines in this case." Dkt. 186 at 1. There are no deadlines to "continue" because ***all*** deadlines in this matter—including those for fact and expert discovery, dispositive motions, and docket call—already passed without Relators acting to prosecute this 14-year-old case. For that

1

reason, Defendants also renew their December 2023 Motion to Dismiss Count III for Failure to Prosecute, Dkt. 173.

The Court issued an Order on March 10, 2025 following an *ex parte* hearing with Relators' counsel (which did not include Defendants). In that Order, the Court held that Relator Rushing's retaliation "***claim*** will be STAYED for 90 days pending Relator Rushing securing new counsel." Dkt. 184 (emphasis added). The Order rightly says nothing about continuing any case ***deadlines*** given that they have all passed. That is consistent with the Court's prior statement that it would "***not be extending the discovery dates or any other dates***, because they're … sufficiently in place for the parties, that is the plaintiff, primarily relators, to have done or to complete the work that they need to do in the case." Ex. 1 (Tr. of April 4, 2024 Telephonic Conference), at 13–14 (emphasis added) (attached as Ex. 1). The Court further noted it would "not be of a mind that a new firm coming in would be able to get — or should be given any benefit" in terms of deadlines. Ex. 1 at 15.

***All*** of the deadlines in this case, as set forth in the Court-ordered scheduling order, Dkt. 175 at 1, have passed:

- **Plaintiffs' Expert Designations, and any expert reports, were due on June 1, 2024.** Plaintiffs served no expert designations on June 1 or at any other time.
- **Discovery had to be completed by September 30, 2024.** Other than one set of written discovery requests—to which Defendants responded on February 12, 2024, and about which Relators never requested any follow up—Relators did not pursue discovery. They did not notice or take any depositions, and they did not respond to Defendants' request to schedule Relators' depositions, which was made on May 10, 2024. Nor did Relators respond to the deficiency letter that Defendants sent on May

2

10, 2024 in response to Relators' woefully inadequate responses to Defendants' written discovery.

- **Dispositive motions were due by October 30, 2024.** Relators did not file any dispositive motions or any other pre-trial motions.

- **Docket Call was to be held on March 3, 2025.** To Defendants' knowledge, Relators did not show up for the March 3 docket call.

Because Relator Rushing is out of time to pursue her retaliation claim against Defendants, and has done next to nothing to prosecute her claim in the nearly three years since Defendants' motion to dismiss the Second Amended Complaint was partially denied, Dkt. 164, Defendants renew their Motion to Dismiss under Fed. R. Civ. P. 41(b) for Failure to Prosecute, Dkt. 173, as to the remaining Count III. This case has now been pending *for nearly 14 years*, and concerns conduct that allegedly occurred *from 2009 to 2011*. Relator Rushing has been on notice of the case deadlines since December 28, 2023. Dkt. 175. She has been on notice since at least June 11, 2024 (Dkt. 182) that her previous counsel had moved to withdraw and that she needed to retain new counsel if she wanted to continue pursuing her retaliation claim. She did not do so. There is no basis for "continuing" her claim and no deadlines to continue, and the Court should deny Movants' request for a "continuance" and dismiss the retaliation claim now.

Dated:  March 26, 2025                               Respectfully submitted,

                                               WILLIAMS & CONNOLLY LLP
/s/ *Ashley W. Hardin*
Enu Mainigi
   Attorney-in-Charge
   S.D. Tex. Bar # 2357311
   D.C. Bar # 454012
Ashley W. Hardin
   S.D. Tex. Bar # 2449547
   D.C. Bar # 482251
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
*emainigi@wc.com*
*ahardin@wc.com*

*Attorneys for Defendants Doctors Hospital at Renaissance, Ltd. and RGV Med, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Ashley W. Hardin
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: ahardin@wc.com
